February 4th, 1817,
Judge Roane
pronounced the following opinion of the Court.
These are two actions, brought by the Appellee, as assignee of Chalmers and Co., of two promissory Notes, against the Appellants. The Notes having been protested, actions were brought thereupon, and were, by consent, tried together, on the respective pleas of “ nil debent.” Verdicts and judgments were rendered for the Appellee in both cases.
At the trial, the Appellants offered to set off, against the two Notes aforesaid, the contents of two Bills of Exchange drawn by Chalmers and Co. in favour of Ritchie, individually, which were returned protested for non-payment; on each of which hills there were two subsequent endorsements, which had been obliterated by Ritchie and Wales. The partnership of Ritchie and Wales had been dissolved before the trial, but since the institution of the suit; and the counsel was employed to defend the company, and not either party individually. The Court, on the motion of the plaintiff, excluded the said set-off from going to the Jury ; on which there was an exception, and an appeal.
The partnership, though dissolved before the trial, yet had existence for the purpose of defending the suit: and the Bills in question, being exhibited by the Appellants at the trial, are to be considered as their property, and not the property of Ritchie only. They were well entitled, therefore, not only to strike out the names of the subsequent endorsers, but to write over the name of Ritchie an assignment to themselves ; or the Bills will, without such assignment, be considered as their property, by their holding them and having it in their power to make it.
As against Chalmers and Co., therefore, they would have bad a right to discount them at the trial, (whensoever they may have been acquired;) such being the settled law of this country. But this action is brought by their assignee ; and the law is, *396 in cqse of assignments, that the assignee shall allow all just discounts, not only against himself, but also against the assignor before notice of the assignment was given to the defendant.
Although these Bills are to be taken as being the property of the Appellants, as at the time of the trial, (for the reasons already assigned,) they are not to be so considered in relation to the time of the defendants’ receiving notice of the assignment, which in this case was, (at least,) that of the institution of the suit; at which time, it does not appear that these Bills were the property of the Appellants, or even of Ritchie himself, but may have been the property of one of the subsequent endorsees.
This view of the case is decisive of the question, unless, in this action against a company we are authorized to allow a set-off of a debt due to an individual partner. The law is too strongly settled in the negative, and has been too often recognized by this Court, to authorize us to do it, admitting that, as an original question, it ought to have been otherwise settled, which the Court is by no means prepared to admit. On these grounds the judgment of the Superior Court is to be affirmed.