# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF PENOBSCOT.

## ARGUED AT JUNE TERM, 1848.

MEM.— Five cases in this County, argued in 1848, and decided in 1849, were published in the last volume.

### NEHEMIAH BARTLETT *versus* EDMUND PEARSON.

Where mutual dealings in account exist, the balance due may be assigned; and after notice of the assignment, the assignee has an equitable right, which the Court will protect, to the balance due at the time of the notice of the assignment, which cannot be diminished by any claim of the other party, accruing or procured subsequently.

And if the assignee bring an action in the name of the assignor for the whole amount of this account against the other party, and the defendant bring a cross action, also, for the full amount of his account, and both actions proceed to judgment; under the provisions of Rev. St. c. 115, the judgment *debt* in the lesser claim may, by leave of court, be set off in payment of so much of the larger; but the *costs of that suit* cannot be set off in further payment of the balance of the larger judgment, without the consent of the assignee.

The District Court may exercise a discretionary power by ordering or refusing to order judgments of the Court to be set off, when it can be done without a violation of the legal rights of either party. But when a set-off is not authorized by law, and when it would deprive a party of any of his legal rights, he can have a remedy to protect them, by bill of exceptions.

THIS case was argued in writing. The Reporter received no copies of the case. The question decided, however, will be understood from the opinion of the Court.

*A. Knowles,* for the plaintiff.

Lawrence, having a claim against Pearson, assigned it to a creditor in payment of a debt; the assignee gave notice to Pearson and requested him to pay over the amount due, which he neglected to do, and the assignee brought a suit in the name of Lawrence, the demand not being negotiable; the defendant filed nothing in set-off, but at a subsequent term, brought a suit against Lawrence; both actions were then referred, and the referees set off the mutual demands between Lawrence and Pearson, allowing the defendant his whole debt. He has thus had the benefit of a set-off by the tribunal selected by the parties; the referees had full power, and might have adjudicated as to these costs, if they had judged it reasonable, and from the manner in which they awarded, it is evident, they intended the assignee to have the benefit of his award.

These costs were made unnecessarily by the defendant. He might have paid over the amount due, or filed his claims in set-off, or tendered or offered to be defaulted. He did neither. He knew of the assignment, and knew there was a balance due from him. Had he paid it over as he was bound to do, there would have been no suit. He knew that that balance was due to the assignee, and he was thus put upon his guard, and knew from the first, that he could have a claim only against Lawrence, for any costs he might create. He has not been led into it by Lawrence or his assignee. It has resulted from his own neglect in not paying his debt; from the time of notice of the assignment, the balance due became a debt, between defendant and the assignee; Lawrence was only nominally known. The suit has been conducted at the expense and for the benefit of his creditor.

The motion is addressed to the discretion of the Court, to be exercised equitably. It cannot be just, that the defendant by his own act, which was not necessary for his own security, should deprive the assignee of the benefit of his assignment. He took the assignment, it is true, subject to the right of set-off of all mutual and existing demands at the time, but to nothing further. He could not anticipate a bill of costs. He had

Bartlett *v.* Pearson.

a right to presume and to act upon the presumption, that the defendant would pay over the amount due without suit. Lawrence was his debtor and he wished to secure his debt. He might have trusteed defendant and thus secured. Should he not be equally secure when he takes an assignment of the debt, thus becoming the creditor of Pearson by a purchase of the demand against him ? and if then, the defendant instead of paying that claim, brings an unnecessary suit against Lawrence, should he not look to him for his pay ? The defendant has his execution against Lawrence, which may be collected, as he did not plead his bankruptcy, and the bill of costs, is, therefore, a valid claim accruing since; but if this set-off is ordered, the assignee has no claim whatever, for his debt against Lawrence. It is barred by the bankruptcy, if in no other way ; so that he loses his claim entirely.

Where mutual demands exist, Courts will protect any balance due for the benefit of an assignee. *Leathers* v. *Carr*, 24 Maine R. 351 ; *King* v. *Fowler*, 16 Mass. R. 397.

An attorney has a lien upon a judgment which courts will protect and for which the statute makes provision and which has never been waived in this case. Courts will not interfere to set off judgments, where third persons are interested as assignees. *Makepeace* v. *Coates*, 8 Mass. R. 451.

Set-off of judgments and executions is regulated by statute, chap. 115, sect. 35, of the Rev. Stat. regulating " proceedings in court," which provides, that no demand " acquired" after assignment and notice, shall be set off.

Chap. 117, sec. 35, of the Rev. Stat. makes a similar provision in regard to set-off of executions, and in stronger terms — that no demand shall be set off when the sum due on the first has been assigned before the creditor in the second execution *became entitled* to the sum due thereon.

The cost had not been " acquired nor had defendant become " entitled to receive it," at the time of notice of assignment. A bill of cost arising cannot be called a debt; it is contingent, and always liable to be defeated ; is not " acquired" nor is any one " entitled to receive it" till after judgment of Court; it is

not a thing that an assignee has reason to expect or is called upon to guard against. The equity between the parties is to be regulated by the demands actually existing at the time of the notice. The debt to be set off must be an existing debt at the time of assignment. *Carpenter* v. *Butterfield*, 3 Johns. Cases, 145.

After assignment and notice, defendant could not by any act of his, deprive the assignee of his rights under the assignment. If he could do so by making a bill of costs, he might in any other way. *Jenkins* v. *Brewster*, 14 Mass. R. 294.

The defendant should have paid his debt. He is the delinquent party ; had he done his duty there would have been no costs on either side. Having created a needless bill of cost, he ought not to be permitted to appropriate the money due the assignee to the payment of it. It would be to enable him to go to law at the expense of an innocent assignee and creditor of Lawrence. A debtor under such circumstances could have little inducement to pay. He may go to law and pay his debt as certainly as in any other way ; and if the amount is but sufficient, he incurs no risk.

*John Appleton*, for the defendant.

The demands between Lawrence and Pearson, were *mutual* demands, which had accrued long before the alleged assignment. The right of mutual offset for debt and cost is an equitable right and one which the Court will protect. The assignee of a demand takes his assignment *subject* and *subordinate* to the higher rights of the original parties, and can by no possibility be in any better condition than his assignor. He has the rights of his assignor ; neither greater or less ; and no right of set-off can be defeated, altered or impaired by assignment. *Leathers* v. *Carr*, 24 Maine R. 352 ; *Hooper* v. *Brundage*, 22 Maine R. 461 ; *Wood* v. *Carr*, 2 Story's Reports.

Nor is it material that the parties between whom the offset is made, be the same nominally. *Moody* v. *Towle*, 5 Greenl. 415.

Nor can death or bankruptcy defeat this equitable right. *Medomak Bank* v. *Curtis*, 24 Maine R. 36 ; Bankrupt Law, § 5.

The suit in this case was originally brought in the name of Lawrence, and on legal principles it should have been prosecuted in his name, if it was assigned before his bankruptcy. 1 Chitty Pl. 15; 7 East, 64; *Sawtell* v. *Rollins*, 23 Maine R. 196.

The prosecution of the suit in the name of the assignee, whether properly or not, cannot affect the question of costs. *Legally it is prosecuted by the bankrupt*, and by no one else.

Costs are incidental and accessory to the principal debt, and follow the same rule of offset. The only exception is, when the attorney interferes, and claims that his lien for costs should be protected. In all other cases the execution issues only for the balance due. The rule of Court, when it is by rule of Court, or the statute, which protects this lien, requires the offset of the judgments between the parties, when the attorney does *not* interfere.

The equity of the parties is considered superior to that of the attorneys, and in the C. C. P. the off-set is made notwithstanding the attorney may object. *Dennie* v. *Elliot*, 2 H. B. 587; *Hall* v. *Ody*, 2 B. & P. 28; *Brown* v. *Buzzell*, 4 Bing. 423; *Embden* v. *Darley*, 4 B. & P. 22.

In the other English Courts the lien of the attorney is regarded, but if that lien is discharged, the whole executions are offset. Even though the plaintiff be dead and the execution be assets in the hands of the administrator. 21 E. C. L. Rep. 209; 1 Cowen, 206.

Neither is it for the plaintiff in this case to be so anxious for the protection of defendant's attorney's lien. If the attorney makes no objection, the offset is of the whole executions.

Here, however, the case finds that the attorney for the defendant waived his lien for costs, in which case, according to all the authorities, the offset follows of course.

Neither can the objection avail that the off-set was not ordered by the referees. The presiding Judge, who ordered the offset, was the chairman of the reference and knew and understood all the *equities* of the matter.

The reason, why a further offset of costs was not ordered

Bartlett *v.* Pearson.

by the referees was because the costs had not all accrued and because the offset could not properly be so ordered, till the rendition of judgments, when the Court, upon a hearing of the parties, might order the offset.

Besides the ordering of a set-off is matter of judicial discretion, upon a full hearing of all the equities of the parties, and is not the subject of exception. *Gould* v. *Palmer*, 7 Greenl. 82. The assignee takes subject to this equitable and prior right of offset.

The counsel for the plaintiff invokes in favor of his exceptions, Rev. Stat. c. 115, § 35, but those cannot avail. Costs are not a " demand" against the original creditor, " acquired" since the assignment. The " demand" is the principal. Costs adhere to the original debt and follow it like interest.

The defendant has the right of filing his account in set-off, or of bringing a cross action. He may do either at his election.

The assignee cannot in any way deprive him of that election. He takes subject to that right. If then, the defendant has a legal right to bring a cross action, it would be hard to subject him to the expenses of both claims. The assignment of the demand impairs no right of bringing a cross suit nor imposes any duty of filing in set-off. It leaves the party as he was before the assignment, without affecting any of his legal rights.

Still less is the plaintiff's claim favored by Rev. Stat. c. 117, § 15, which provides, that " executions shall not be setoff against each other, when the sum due on the first has been lawfully and in good faith assigned to another person, before the creditor in the second execution became entitled to the sum due thereon."

WHITMAN C. J. did not sit in the case. The opinion of the majority, WELLS J. dissenting, was drawn up by

SHEPLEY J. — Bennet Lawrence and the defendant had mutual dealings in account. Lawrence for a valuable consideration, assigned his account against the defendant to one of his creditors. The defendant had notice of that assignment, and was requested to pay the amount due from him. A suit

was commenced by the assignee in the name of Lawrence against the defendant, who commenced a cross action against Lawrence, who became a bankrupt, and the present plaintiff, as his assignee, was permitted to prosecute the suit commenced against the defendant. These suits were referred to referees, who ascertained the amount due to each of the original parties, and after deducting the amount found to be due from Lawrence to the defendant from the amount found to be due from the defendant to Lawrence, awarded, that the plaintiff should recover against the defendant a balance of ninety-eight dollars with costs; and that the defendant should recover against Lawrence one cent damages with costs amounting to more than ninety-eight dollars. These reports having been accepted, the counsel for the defendant, having waived his lien upon the costs, moved, that so much of the defendant's judgment for costs, as would satisfy the sum of ninety-eight dollars, should be set off against the damages recovered by the plaintiff against the defendant. The court ordered such a set-off to be made, and to this order the plaintiff filed his exceptions.

The assignment made by Lawrence to his creditor, conveyed the equitable title to the balance due from the defendant to Lawrence at the time, when the defendant had notice of that assignment. The defendant could not diminish that balance by any claim accruing or procured subsequently. The assignee of a chose in action receives it subject to all the equities then existing between the assignor and his debtor. It is liable to no other burdens or deductions. *Jenkins* v. *Brewster*, 14 Mass. R. 294; *Sargent* v. *Southgate*, 5 Pick. 312; *Sanborn v. Little*, 3 N. H. R. 539; *Weeks* v. *Hunt*, 6 Verm. R. 15; *Jefferson County Bank* v. *Chapman*, 19 Johns. R. 322; *Ritchie v. Moore*, 5 Munf. 388; *Newman* v. *Crocker*, 1 Bay. 246; *Hooper* v. *Brundage*, 22 Maine R. 460.

The statute provisions of this State are based upon the same principles. c. 115, § 35, and c. 117, § 35.

There can be no doubt, that courts of justice, when called upon to order one judgment to be set off against another, are

Bartlett v. Pearson.

obliged to act upon such rules of law, as will protect the rights of parties.

The defendant first became entitled to the amount due from Lawrence to him for costs, when he obtained a judgment for them. It is said, that costs are incidental and accessory to the debt. They are in fact not connected with it, but are an allowance made by statute to a party to compensate him for the trouble and expense, which he may incur in the prosecution of his suit for the recovery of his debt or damage. They are not a part of his debt, claim, or damage. If the assignee of a chose in action could only acquire a title to it, subject to all equitable claims then existing between the assignor and his debtor, and also subject to all the costs, which they might occasion by litigation respecting them, the law would be materially altered, and his rights valuable, at the time, might prove to be of no value.

It is difficult to perceive, that the defendant has stronger claims in equity than in law to have the set-off made. He was notified, that the balance due from him had been assigned. If he could not adjust it with the assignee, he might have decided how much was due from him and have tendered that balance ; or have offered, as soon as the suit had been entered in Court, to be defaulted for that amount, and thus have protected himself, against all further costs, and have placed himself in a position to recover costs, if the balance should not prove to be greater. He might, as he did, lawfully commence a cross action. If he chose to exercise that legal right, he can have no just cause of complaint, if he be left to pursue that legal course to the end, and to obtain all his legal rights by it, without asking to be relieved from the result, by having another person's rights impaired to do it.

It is further insisted, that the plaintiff was not entitled to file a bill of exceptions in this case. That the question, whether a set-off should be ordered, was one submitted to the judicial discretion of the District Court.

Courts may be at liberty to exercise such a discretion by ordering or refusing to order judgments to be set off, when they

can do so without a violation of the legal rights of either party. But when a set-off is not authorised by statute, and when it would deprive a party of any of his legal rights, there can be no doubt, that he would be entitled to have them protected by a bill of exceptions.

The exceptions are sustained, the set-off prayed for is disallowed, and judgments are to be entered in each case accordingly.

Dissenting opinion by

WELLS J. — Where a demand is assigned, the assignee takes it subject to the equities subsisting between the parties, and also to the legal rights of the parties. The debtor having a counter demand, if it is not allowed to him, may file his account in set-off, or bring a cross action, in the same manner as if no assignment had been made. The assignment cannot abridge this right nor limit the legal claim to costs. Where demands are unliquidated, the assignee takes them subject to all the legal rights of investigation, which the law allows. He cannot restrict the debtor to any one mode of judicial investigation. The mode prescribed by law, for determining the rights of the parties, is incident to the demand assigned.

In the present case, the defendant might have filed his account in set-off, and had the whole dispute settled at his own expense. But he was not bound to do so, by law or equity. He had a legal right to commence his action. The plaintiff might in that suit have offered to be defaulted for any given sum, or might have paid what was claimed in the cross action, or made a tender, retaining his own suit ; but on the contrary, he litigates it until there is a large bill of costs, and then says, that his own judgment is not to be affected by those very costs which he has created. The defendant might have offered to be defaulted in the suit against him, but that could only protect him against the claim of the plaintiff. His own account would not have been allowed in that way. It is said he might have paid the balance, but it does not appear that the parties could agree upon the balance, and the litigation was to determine

it. There does not appear to have been any more fault on one side than on the other, so far as I can see, not having a copy of the case.

Shall we establish the doctrine, that when a demand is assigned, the debtor shall be confined to some one legal mode of, ascertaining the balance?

It is true the costs, which accrue, did not exist at the time of the assignment, but the assignee has given rise to them by his resort to the law, and his mode of resisting the claims of the debtor, as much so as the debtor has done.

A man who purchases an unliquidated claim, takes it with his eyes open, and knows that it is liable to litigation.

The legal rights of both parties exist with the claim and go with it, and it is not in the power of the assignee to debar the debtor from resorting to any mode allowed by law, to decide the differences between them, and he would do so effectually, if the judgments could not be set off. Does the assignee obtain new legal rights, impairing those which existed between the original parties?

A & B have mutual accounts, the law prescribes the mode of adjustment. A's is the larger one, he assigns it to C. C says to B unless you pay the balance, which I claim, I shall commence an action against you in A's name, and you must file your account in set-off. If you commence a cross action, which you have a right to do, still my judgment shall not be affected by the costs you may recover, and I will compel you to prove every item of your claim — and I will collect my bill of costs and the balance of the judgment out of your property, and you may look to A for your bill of costs.

The costs are the result of a right co-existing with the demands before the assignment.

The assignee takes subject to all, defences which might be made against assignor. Burnham v. Tucker, 18 Maine R. 179.