Judge Simpson
delivered the opinion of the Court.
The plaintiff’s petition was defective, and the demurrer to it should have been sustained. The consideration of the assignment should have been set forth, as the plaintiff could not recover against his assignor unless the assignment had been made for a valuable consideration, and then he could only recover the sum actually paid by him, with interest thereon, and not the full amount of the note unless the consideration paid was equal to it. The petition merely states the assignment and refers to it, and is wholly silent as to the consideration upon which it was made. The assignment on the note purports to have been made for value received, but this cannot cure the defect in the petition, because a statement in *344 the petition itself, that the assignment had been made for a valuable consideration, would not have been sufficient. The nature and amount of the consideration must be stated.
2. The plaintiff should also state the reason why the amount was not recovered from the obligor.
3. If the assignor be party to the suit in favor of the assignee against the obligor, he is bound by the decision, and cannot controvert in a suit by the assignee against him to recover the amount paid for the assignment.
The petition should also have stated the reason why the payment of the note by the obligor could not be enforced by the assignee, instead of merely referring to the record and proceedings of the suit, in which the obligor was relased from its payment; and if the plaintiff relied upon the judgment in that suit as conclusive upon the defendant, he should have alleged that he was a party to it.
The matters relied upon by the defendant in his answer did not constitute a good defense to this action ; as he was a party to the action which was instituted by the maker of the assigned note to be relieved from its payment, he is bound by the proceedings and judgment in that case. It was as much his duty, as that of any of the other parties to it, to defend that action. He was interested in the result, and had a right to have set up and relied upon the very matters which he now contends should have been therein insisted on. If the judgment be wrong he can prosecute an appeal, but so long as it remains in force and unreversed it is obligatory upon him, and cannot be collaterally impeached by him, either on the ground of fraud and collusion in its obtention, or because it was unauthorized by the testimony, and is therefore erroneous.
But although the defendant’s answer was insufficient, yet as the petition was defective, and did not set forth a good cause of action against him, he has a right to complain of the judgment, which, for this reason, is erroneous.
Wherefore the iudgment is reversed, and cause remanded with directions to sustain the demurrer to the petition, and for further proceedings consistent with this opinion.