*M. B. Carpenter,* for defendant in error.

------➤●◄------

## RIO GRANDE EXTENSION CO. *v.* COBY.

(*Supreme Court of Colorado, April 1, 1884. Appeal from the County Court of El Paso County.*)

   1. TIME CHECKS are assignable obligations, and need not be accepted.
   2. SAME—PROOF OF AGENCY. In an action upon such "time checks," it is necessary to offer some proof of the agency of the person by whom they were made, unless there is a waiver of the same. Otherwise nonsuit should be allowed.

HELM, J. This action was brought against the Extension company by appellee, as assignee and owner of five several instruments of writing known as time checks. The checks, and also certain separate orders relating thereto, were received in

evidence over the objections of appellant. There is no claim or proof that these *orders* were ever presented to or accepted by the company; the judgment, therefore, cannot rest upon them, as no liability on its part thereunder was shown. It must be sustained, if at all, exclusively by the time checks. They are alike in form, and the following sample is all that need be given here:

COLORADO SPRINGS, COLO., July 17, 1880.

Paymaster Rio Grande Extension Company:

Due Thos. Flinn, for labor in month of July, 188 , as laborer, twelve days at, $1.25 per day, . . $15 00

Deduct for board, . . . . . . . . . 3 05

Balance Due, ) . . . . . . . . . $11 95

T. S. BLACKBURN, *Foreman.*

Approved: F. T. Griswold.

•Endorsements:

Thos. X Flinn,        Witness: E. W. ROSENBERG.
his
mark.

These checks purport to be written acknowledments of indebtedness executed upon a settlement with the laborers to whom they were given. They are apparently made for the information and guidance of the company; and therefore we might perhaps infer that they were intended to represent obligations of the company.

Each acknowledges a definite sum of money to be due from some one to a payee named therein, and is payable at a time certain; were there no restricting words they would therefore be clearly negotiable under our laws. (Chapter 9, General Statutes.) The endorsement of the payee's name upon the same is the proper mode of transferring the ownership of such instruments.

But the words " not negotiable," appear written or printed across the end of these checks. It is unnecessary for us to consider whether the maker has power to take away by such declaration the attributes of negotiability bestowed upon the instruments by statute; for, in the first place, they still remain assignable thereunder, and secondly, they are choses in action, and as such, the ownership might be transferred by assignment independent of statute.

Under our practice, (See Sec. 3 of the Code of Civil Procedure,) the equitable rule relating thereto prevails, and the action should be in the name of the purchaser and assignee, because he is the owner and real party in interest. The principal effect of destroying the negotiability of these instruments is simply to render them subject in suit by the assignee to all defenses existing prior to notice of the assignment, that might have been interposed to an action by the original payee. Pomeroy's Remedies and Remedial Rights, Sec. 157; *Combs* v. *Chandler*, 33 Ohio St., 178; *Moore* v. *Metropolitan Bank*, 55 N. Y., 41; Parsons on Contracts, 227.

Objection is made that no acceptance of the time checks by the company was proven; but if a recovery can be sustained upon them at all, it is because they are acknowledgments of indebtedness made by the company itself; they are more in the nature of due bills than orders or bills of exchange, and no acceptance is necessary; this would be equally true could they be regarded as the drafts of one agent of the company upon another agent. Such drafts are analogous to the case where an individual draws upon himself, and "may be treated either as accepted bills or as promissory notes." 1 Daniel's Neg. Inst., Sec. 424.

The word "approved," near the signature of one Griswold, appears written thereon; it may be that Griswold was an agent of the company, and that his approval was evidence to its paymaster of the justice' of the debt and genuineness of the time check; upon this subject we are not enlightened by the record; but this supposition, if true, only recognizes a private arrangement or regulation of the company for its own convenience and protection, and in no way changes the character of the instruments, so far as third parties are concerned.

There is, however, a fatal objection to the recovery had in the Court below. The action was originally brought before a justice of the peace, and was tried in the County Court on appeal; there are, therefore, no written pleadings; no evidence was offered by the defendant, and hence we are not advised of its defenses except as they may be learned from the objections interposed at the trial and argued upon this appeal. From these sources, it appears that the agency of the drawer of the time checks was not admitted. It devolved upon plaintiff in

making his *prima facia* case, to offer some proof upon this point; he introduced none whatever; he did not even show that the checks were ever presented to the defendant for payment; he simply offered them in evidence, together with the orders above mentioned, and rested; he might, perhaps, be excused under section 1949, General Statutes, from establishing the genuineness of the signature of the maker; but some slight evidence that Blackburn was an agent of the company authorized to execute such instruments, was indispensable. Angell and Ames on Corps., Sec. 283; *First Nat. Bank* v. *Hogan,* 47 Mo., 473; *Northern Cent. Ry. Co.* v. *Bastian,* 15 Md., 501; *Partridge* v. *Badger,* 25 Barb., 171; *Chapman et al.* v. *Chicago & N. W. Ry. Co.,* 26 Wis., 303; Abbott's Trial Evidence, p. 40 and notes.

Had the action been commenced in a Court of record, the complaint would have averred the liability of defendant in appropriate terms; it might perhaps have been sufficient even though there were no special allegation of agency; but the absence of such averment would be excused simply because corporations can only act by agents, and in law the act of the agent is that of the principal. The liability of the principal could hardly be established without some proof of the agency.

Whether the proceedings be with or without written pleadings, the facts essential to constitute a cause of action must be given in evidence; provided, of course, that such evidence be not waived by the conduct of the defendant or by averment or admission in his answer.

As already intimated, very slight proof in cases like this, on the part of the plaintiff, would be sufficient to raise a presumption of agency, and cast upon defendant the burden of showing that no such relation existed between it and the party professing to act in its behalf. This rule is based upon the fact that knowledge on the subject is fully possessed by defendant, and perhaps difficult of attainment by plaintiff.

The notice for a nonsuit should have been allowed.

The judgment will be reversed and the cause remanded for a new trial.                                   *Reversed.*

*Wm. Harrison, L. N. Cuthbert, L. K. Bass,* for appellant.

*J. B. Cochran,* for appellee.