## JACKSON v. HAMM.

1. ACTION BY ASSIGNEE OF CHOSE IN ACTION — NOTICE TO DEBTOR, WHEN NOT NECESSARY TO COMPLETE ASSIGNMENT.— Notice to the debtor by the assignee of a chose in action is not necessary to complete the assignment, where there is no controversy between different assignees or attaching creditors of the fund assigned.
2. RIGHT OF ASSIGNEE TO MAINTAIN SUIT IN HIS OWN NAME — RECORD MAY BE AMENDED WHEN ACTION BECOMES FOR USE OF ANOTHER PARTY.— The assignee of a claim against the receiver of a railway company, having obtained permission from the proper court, may, under the code, bring suit in his own name, and, though the assignment be indorsed to another, he may still maintain the action in his own name so long as he retains possession of the instrument of assignment, and may cause the record to be amended by adding the name of the indorsee as the use party, who will thereafter be entitled to control the proceedings, and will be bound by the judgment.

*Appeal from Chaffee County Court.*

WOLCOTT & VAILE and WATSON & LIBBY, for appellant.

Mr. J. W. HAMM, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This action was commenced by John W. Hamm, as plaintiff, against William S. Jackson, as receiver of the Denver & Rio Grande Railway Company, before a justice of the peace, to recover a certain sum of money due to

one E. D. Lynch, an employe of said railway company, for services.  Lynch had assigned his claim to plaintiff, as follows: "Salida, Colo., February 27, 1886.  J. W. Gilluly, Esq., Cashier D. & R. G. R'y Co., Denver, Colo.: Please pay, or cause to be paid, to John W. Hamm, the sum of seventy-five dollars and fifty cents, the amount due to me by said railroad company for services; and this shall be your receipt for same in full.  E. D. LYNCH." Judgment for the amount of the claim was rendered in the justice's court in favor of plaintiff. . The defendant appealed to the county court, where the same judgment was again rendered.  Defendant now appeals to this court.

That Jackson was the receiver of the railway company, that Gilluly was its cashier and disbursing agent, that the wages were due to Lynch as sued for, and that Lynch assigned his claim to plaintiff, are in no way controverted by the brief and argument of appellant under its assignment of errors.  Gilluly refused payment to Lynch on the ground that he had not paid his board-bill to one A. L. Dodge; but it does not appear that the supposed indebtedness of Lynch for board was in any way connected with his contract or claim for services, or that there had been any garnishment proceedings therefor. This defense was not attempted at the trial.  No evidence was offered in behalf of defendant in either court, and nothing is claimed on this ground upon this appeal.  It is urged, however, by appellant's counsel, that, as there is nothing in the record to show that the receiver had notice of the assignment of Lynch's claim to plaintiff before the bringing of this suit, therefore the assignment was not complete, and that this action cannot be maintained.  If this were a controversy between different assignees or attaching creditors of the same chose in action, this point might require greater consideration.  So, also, this appeal might be more difficult of determination but for the fact that the assignment of errors is restricted to

the grounds stated in the motions to dismiss and for non-suit, respectively, and that even some of these grounds are abandoned in the brief and argument of counsel. Neither of the aforesaid motions question the sufficiency of the evidence generally, nor the merits of the claim sued on, as above stated. *Smith v. Christian*, 47 Cal. 18; 2 White & T. Lead. Cas. 794 *et seq.; Clodfelter v. Cox*, 1 Sneed, 330; *Moore v. Gravelot*, 3 Ill. App. 442.

In this action there are no third parties making claim to this fund, nor did defendant interpose any defense of that kind. Besides, plaintiff had given notice of the assignment to Gilluly, the financial agent of the railway company, before the commencement of the action, who made no objection thereto, except that Lynch had not paid his board to Dodge; and, moreover, plaintiff had obtained an order from the United States circuit court, which appointed the receiver, to bring this very action before instituting the same. The order specified the plaintiff as the assignee of the claim of $75.50 due Lynch, an employee of said railway company.

It appears that plaintiff gave his own due-bill to Lynch for the amount of his claim, in consideration of the assignment, and that Lynch assigned this due-bill of plaintiff to one J. M. King, and in this way got his money. It appears, also, that plaintiff, by indorsement, made the assignment which he had received from Lynch payable to King or his representatives, and caused the record to be amended so as to read, "John W. Hamm, for the use and benefit of J. M. King." It does not appear that these matters in any way prejudiced the defendant. The cause of action remained unchanged. The defense of the unpaid board-bill or any other subsisting equity in favor of defendant against Lynch was as available against Hamm, or even King, as the assignee of Lynch, as it would have been if Lynch had been plaintiff; besides, there was no plea or offer to prove any defense as against Lynch. 1 Pars. Cont. 229; Code Civ. Proc. § 4;

2 White & T. Lead. Cas. 780–811; *Reeve v. Smith*, 113 Ill. 47.

Hamm, being the real party in interest, was entitled to sue in his own name by the express provision of the code, as well as by the order of the circuit court which he had obtained. The indorsement to King of the Lynch assignment did not necessitate a dismissal of the action by Hamm, so long as he retained possession of the instrument, and while his own absolute and unconditional obligation which he had given in exchange therefor was still outstanding. But even if King did become the real party in interest by such indorsement, in the absence of anything in the record to the contrary, we must presume that the adding of his name as the use party was duly authorized; and hence, upon familiar principles, he was thereafter entitled to control the proceedings, and was bound by the judgment. Thus the defendant and the railway company are abundantly protected. 1 Greenl. Ev. § 535; *Chapman v. Shattuck*, 3 Gilman, 49; *Morris v. Cheney*, 51 Ill. 451; *Chadsey v. Lewis*, 1 Gilman, 153; *Van Camp v. Commissioners*, 2 Pac. Rep. 721; 1 Pars. Cont. 223–230; *Jessel v. Insurance Co.* 3 Hill, 88; *Palmer v. Merrill*, 6 Cush. 282; *Bartlett v. Pearson*, 29 Me. 9; *Elliot v. Threlkeld*, 16 B. Mon. 341.

This disposes of the assignment of errors, so far as they have been presented by counsel in their briefs, in favor of appellees. The judgment of the county court is accordingly affirmed.

*Affirmed.*