MOORE, APPELLANT, v. VICKERS, APPELLEE.

1. RECEIPT.
A receipt in full by the assignee of a claim for collection is not conclusive in favor of the party to whom it is given, nor against the assignor, especially when the amount claimed to be due upon the account exceeds the amount paid.

2. ASSIGNEE.
A party to whom a claim has been assigned, with authority to collect

the amount due, has no right to collect a less sum, and bind his as-
signor thereby, unless the release be made on his own behalf and
for moneys he had a right to collect beyond those which he received.

3. REASSIGNMENT.

A party to whom a claim against another has been assigned may reas-
sign it to his assignor, who becomes thereby invested with all his
original rights to recover thereon.

4. PRACTICE—WAIVER OF OBJECTION.

An objection on the ground of misjoinder must be made in apt time in
the trial court. It will not be considered if made on appeal for the
first time.

*Appeal from the County Court of Arapahoe County.*

Mr. H. M. JACOWAY, for appellant.

Mr. GEORGE F. DUNKLEE and Mr. O. E. JACKSON, for
appellee.

BISSELL, P. J., delivered the opinion of the court.

Early in 1891, Moore and Vickers, as contractor and sub-
contractor, entered into an agreement respecting some grad-
ing on the Denver & Suburban Railway Company.   Shortly
afterwards, by reason of some undisclosed transactions be-
tween one Myers and Vickers, Vickers assigned to Myers
all moneys due and to become due under the contract which
he had made with Moore, and authorized Myers to collect it.
It appears that Vickers did a good deal of work under the
contract, whereby a considerable sum became due him.   In
October, Myers attempted to collect from Moore all or a por-
tion of what Vickers had earned, presenting the authority
expressed in the assignment therefor.   At this time, Moore
appears to have raised some question concerning the amount
due, but offered to pay Myers one hundred and fifty dollars
if he would sign a receipt, which on its face was expressed
to be in full of all moneys due Vickers under the original
subcontract.   Myers accepted the proposition, signed the re-
ceipt and took his money.   Whether under the arrangement

between Myers and Vickers he was entitled to collect the whole sum due, or whether the amount which he received wholly, substantially or partially settled his claim, is not made evident by the record. Whatever the fact may be in respect of this matter, the receipt cannot be taken either as conclusive in favor of Moore, or as binding upon Vickers as to the amount that was due him under the contract. It has been somewhat seriously argued that this receipt should control the rights of the parties, and should bar a recovery in this suit, which was brought by Vickers for the use of Dunklee, a subsequent assignee, to recover the balance said to be due for the work done under the original convention. There are many reasons to the contrary. In the first place, Myers was not empowered by the terms of the assignment to settle or adjust any controversy between Vickers, his assignor, and Moore, the contractor. His sole authority was to collect and receive whatever might be due from the contractor to Vickers for the work done. Manifestly, this would give him no right to collect a less sum than that which had been earned and bind Vickers thereby, unless the release, if any, was made on his own behalf and for moneys which he had a right to collect beyond those which he received. What these facts may be are not disclosed, so that it cannot be adjudged that he was possessed of authority to bind Vickers by the settlement. An additional and very cogent reason to reject this contention concerning the effect of the receipt is found in the circumstances under which it was executed. Myers seems to have suggested that Vickers claimed more money than that sum, and that he was doubtful as to his right or his power to discharge the liability of the contractor by the execution of a receipt for a sum less than that which Vickers claimed. His objections were overcome by the statement of the contractor that the receipt would cut no figure, and that if Vickers had any claim for money, and could show it, he would get it in a minute. This conversation and these circumstances effectually dispose of the claim that the receipt was in any manner a conclusive and binding settlement as

to the sum due from Moore to Vickers for the work which was done.

After this transaction between Moore and Myers, the latter reassigned to Vickers the right which had passed to him by the original transfer between him and the subcontractor. The reassignment was sufficient in form and legal effect to reinvest Vickers with his original rights to recover for the work done under his agreement with Moore, and, if at that time Moore was indebted to him on account of it, he would have the right to proceed to collect. Acting on this theory, Vickers then transferred to one Dunklee his claims in the premises. The present suit grows out of that transfer. The suit was brought before a justice in the name of Vickers for the use of Dunklee, and after judgment in favor of the plaintiff, the defendant, Moore, appealed to the county court, where the case was retried, and judgment again entered for the plaintiff in the action for the sum of $194.67. It is unnecessary to state the nature or the history of the plaintiff's claim, or the evidence which entitled him to recover. It need only be stated that his claim was not controverted by any evidence offered on behalf of the defendant, and the proof was ample to justify the recovery, unless there was some legal obstacle thereto. There seems to be none. The defendant moved for a nonsuit because of the failure of the proof to establish a right of action in favor of the plaintiff, and moved for a new trial on substantially the same grounds, —to wit, that the judgment was not warranted by the evidence, and that the proof offered concerning the circumstances under which the receipt was executed was incompetent and ought not to have been received. The court did not err in overruling these motions and entering judgment in favor of the plaintiff. These matters, however, are not what is principally argued in this court. The appellant here insists that the suit was improperly brought in the name of Vickers for the use of Dunklee, on the theory that the action should be brought in the name of the real party in interest, and that either Vickers or Dunklee were improperly parties to the

suit, and wrongfully joined as plaintiffs. The question is not presented to the court in such a manner as to call for a decision respecting the proper form of bringing a suit before a justice on an open account which has by assignment passed to another than the one to whom the account originally ran. We are not called upon to decide whether the suit should be brought by the assignee as the real party in interest, or whether it should be brought in the name of the original creditor, or in his name for the use of the party entitled to the proceeds, which was the course of the common law. This is a much vexed question, and one which should only be decided when the matter is fairly before the court, and when the question is raised at a time when the court below is fully empowered to correct any error in that regard, so that the suit may proceed regularly to a legitimate and proper judgment. It is not permitted to parties to litigate the actual controversy and raise no question concerning the right of the plaintiffs to sue until after judgment, and then be heard on an appeal to complain that the proper parties were not before the court. The unfairness of such a procedure would be well manifest in this case should it be reversed on these grounds. The litigation below proceeded on the sole contention that the defendant was not indebted, and judgment went against him both before the justice and in the county court, to which the cause went on appeal. He nowhere and at no time, during the progress of the litigation, until it reached this court, suggested by motion or otherwise a misjoinder of parties plaintiff. He should not now be heard to complain. If the suit ought to have been brought in the name of the original subcontractor, Vickers, it may be said that Vickers was before the court, and is concluded by his recovery. If, on the other hand, it is asserted that only Dunklee, the assignee, should sue, it is enough to say that he likewise was before the court, and is bound by the judgment entered. Thus, whatever may be the conclusion as to the proper person to sue, everybody concerned in the recovery was before the court, and is bound by the judg-

ment, and the defendant is unharmed, simply being called upon to pay the amount which he owed under his contract. This solution of the difficulty is in very close analogy to that adopted by the supreme court in *Jackson v. Hamm*, 14 Colo. 58.

Perceiving no error in the record, the judgment will be affirmed.

*Affirmed.*