LAYTON v. KIRKENDALL ET AL.

1. APPELLATE PRACTICE.

The finding of the jury upon conflicting testimony is conclusive upon review.

2. EVIDENCE—PRACTICE.

The refusal of the court to permit the recalling of a witness, after the evidence was closed, to contradict a statement drawn from another witness on cross-examination, is. not erroneous.

3. APPELLATE PRACTICE—OBJECTIONS—EXCEPTIONS.

Assignments of error based upon the giving or modifying of instructions are not available when no objection was interposed or exception taken to the action of the court at the time.

4. PRACTICE IN JUSTICE'S COURT—PARTIES.

The assignee of a chose in action may maintain an action thereon in ·his own name before a justice of the peace.

*Error to the County Court of Mesa County.*

Mr. H. W. ROSS, for plaintiff in error.

. Messrs. BUCKLIN, STALEY & SAFLEY, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This action was originally instituted by James A. Kirkendall and Charles S. Kirkendall against James A. Layton, before a justice of the peace, to recover a balance alleged to be due on a contract for the sale or renting of certain pasture lands for pasturing cattle. From a judgment in favor of plaintiffs below an appeal was taken to the county court. The case was there tried to a jury and a verdict rendered

against defendant for the full amount claimed. There are no written pleadings. It appears from the uncontradicted evidence that the Kirkendalls were the owners of two thirds and one M. R. Hall the owner of one third of the pasture in question. In December, 1889, they sold the right to Layton to use their interest in the pasture until the spring thaw, or breaking up of the winter of 1889–90, at and for the agreed price of $150, who afterwards acquired the right from Hall to use his interest therein for the same term at the agreed price of $75. That he paid them $75 and Hall $25. On the 28th day of January, 1890, Hall turned the cattle out of the pasture. Upon refusal of defendant to pay the balance of the contract price, Hall assigned his claim to plaintiffs, and they instituted this suit to recover the $125 remaining unpaid.

The controverted question of fact upon the trial of the cause was as to whether or not the term for which the defendant purchased the right to use the pasture had expired when the cattle were turned therefrom; or, in other words, whether the spring thaw or breaking up of the winter had then occurred. Upon conflicting testimony, the jury having found this contention in favor of plaintiffs, their verdict is conclusive of that fact upon this review.

The only error assigned upon the admission or rejection of testimony is predicated upon the refusal of the court to allow the defendant to recall the witness Miller, after the evidence was closed, to contradict a statement drawn out on cross-examination from the witness Hall. The testimony so sought to be introduced did not tend to contradict any statement made by the witness in chief, and was immaterial to any issue in the case, and we think the court rightfully exercised its discretion in the matter.

The assignments based upon the giving and modifying of certain instructions are not available for the reason that no objection was interposed or exception taken to the action of the court at the time. We think, however, upon an examination of the instructions as a whole, that the law of the

case was fairly and fully given to the jury, and that the portions refused were not applicable to any issue in the case. The jury having found, upon the main question, that the cattle were not prematurely turned out of the pasture, the question of any liability on the part of Hall for the act of turning them out was eliminated from the case.

The right of an assignee of a chose in action to maintain an action before a justice of the peace in his own name has been recognized by the decisions of this court. *The Rio Grande Extension Co. v. Coby*, 7 Colo. 299 ; *Jackson v. Hamm*, 14 Colo. 58.

Upon an examination of the entire record before us, we think the case was fairly tried and correctly determined upon its merits. The judgment will therefore be affirmed.

*Affirmed.*