[No. 3,789.]

## SMITH *v.* CHRISTIAN.

APPEAL FROM THE JUDGMENT.—An appeal from the judgment must be taken within one year after the rendition of the judgment.

SPECIFICATIONS.—Specifications in a statement for a new trial "of particulars in which the Court erred," cannot be considered as specifications of the particulars wherein the evidence was insufficient.

ERROR OF LAW—FINDINGS.—It is not an error of law that the evidence is insufficient to justify a particular finding of fact. There is no distinction in this respect between the verdict of a jury and a finding of the Court.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

This action was brought to recover an amount awarded by arbitrators. The plaintiff obtained a judgment, and the defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*Byers & Elliott* and *J. H. Budd*, for Appellant.

*W. L. Dudley* and *D. S. Terry*, for Respondent.


By the COURT:

1.   The point made on the argument, that the judgment is made payable in gold coin, is answered by the objection that the appeal from the judgment—not having been taken within one year after its rendition—comes too late. The appeal from the judgment must, therefore, be dismissed.

2.   Nor can the order of the Court below denying a new trial be reviewed here.   The motion was made upon a statement under the Practice Act, lately in force.   The action had been tried by the Court sitting without a jury, and no findings had been filed; the notice of intention to move for a new trial pointed in general terms to insufficiency of the evidence and to errors of law occurring at the trial as the grounds upon which the intended motion would be made. This was well enough.   But when the statement was settled and filed, the following were the only specifications by which it was supported: "Defendant specifies the following particulars in which *the Court erred:* The testimony shows that the award is void, it having been made by an umpire selected by lot.   The testimony or pleadings, as admitted, show that the segregation of the award was without authority; that by the submission it was only provided for awarding damages in the aggregate, if any, and the arbitrators had no authority to determine what each party should pay. There was no subsequent promise to pay.   There was no consideration to support any such promise, if made."

These specifications cannot be considered to be specifications of the particulars in which the *evidence* was insufficient,

because they are not stated to be such; on the contrary, they are expressly set forth as being *errors of law*—"particulars in which the Court erred."

But it is clear that the matters thus set forth do not constitute errors of law. It is not an error of law that the evidence is insufficient to justify a particular finding of fact. If the finding had been by a jury impaneled in the cause, probably no one would pretend that the finding could be assailed as being an *error of law*. We are not aware of any distinction made by the statute in this respect between the verdict of a jury and the finding of the Court sitting as a jury.

Appeal from the judgment dismissed, and order denying new trial affirmed.