JOHN CUNNINGTON, J. THURMAN AND ELIZA-
BETH CANNEL, APPELLANT, *v.* JOHN S. SCOTT
AND JAMES ANDERSON, DEFENDANTS, AND
PATRICK HARRINGTON, INTERVENOR AND RE-
SPONDENT.

PRACTICE—INTERVENTION —BURDEN OF PROOF.— Where a person, hav-
ing an interest adverse to the plaintiff in an action, has been per-
mitted to intervene therein and has taken issue with the material
averments of plaintiff's complaint, the burden is on the plaintiff
to prove such averments, although the defendant in the action
has made default.

ID.—MOTION FOR NEW TRIAL—STATEMENT.—The notice of motion for
new trial designated as one of the grounds of the motion the
"insufficiency of the evidence to justify the verdict," the only
specifications in the statement on such motion were of particu-
lars in which the court erred; *held*, that such specifications would
not be considered as of particulars wherein the evidence was
insufficient.

APPEAL from a judgment of the district court of the
third district, and from an order refusing a new trial. The
opinion states the facts.

*Messrs. Woods & Hoffman* and *Mr. A. G. Sutherland,*
for the appellants.

*Messrs. Marshall & Royle,* for the respondents.

POWERS, J.:

This is an appeal from the third district from a judg-
ment in favor of the intervenor. The plaintiffs filed their
complaint, alleging that they were the owners, and entitled
to the immediate possession, of a lot of ore, "being of the
weight of almost five thousand pounds, marked 'Harring-
ton ore,' shipped by one Harrington and others, or by said
Harrington, from the Silvar Spar mine, in Tintic mining
district, Juab county, Utah territory, to said defendants,"
valued at $482.95; that the ore was in the possession of,

and wrongfully detained by, the defendants; that a demand was made before suit: and that the plaintiffs had been damaged in the sum of $100 by the wrongful detention. The plaintiffs in their complaint demanded judgment for the possession of the ore, or, in case delivery could not be had, for the sum of $600, the money value, and for $100 damages, and costs. The defendants made no answer, and their default for want of answer was duly entered. Patrick Harrington, the respondent, filed a complaint in intervention, alleging that he was the owner of the same ore; that he shipped it to the defendants, who held the same for him as his bailees; that he was the owner, and entitled to the possession, of said ore; and that the plaintiffs were not the owners of, or entitled to the possession of the same. The intervenor entered a default against the defendants Scott and Anderson for not answering the complaint in intervention.

It will be seen that the intervenor puts in issue the ownership of the plaintiffs, their right of possession, and the wrongful withholding by the defendants Scott and Anderson, from the plaintiffs. In brief, the plaintiffs allege that, on a certain day, they were the owners, entitled to the possession, of the ore and that the defendants Scott and Anderson wrongfully withheld the same from them. This was the issue tendered by the plaintiffs. Scott and Anderson made default. Harrington, the intervenor, stepped in, took issue upon all the material allegations of plaintiffs' complaint, and said that the plaintiffs were not, and had not been at any time, the owners of, and entitled to the possession of, the ore in controversy. He admitted the value of the ore, but took issue with the plaintiffs on the wrongful holding by Scott and Anderson, and alleged that such withholding was rightful, as they were his agents.

We think that the intervenor stood in the position of a defendant, contesting the right of the plaintiffs, and that it was incumbent upon the plaintiffs to prove that they were the owners of the ore, and entitled to its possession. Nevertheless, the plaintiffs introduced proof of an admitted fact —the value of the ore—and neglected to prove ownership or right of possession, and rested their case. All the

issues presented by the plaintiffs, and accepted by the intervenor, stood in favor of the latter, and against the former, when they rested. The plaintiffs had made no case—were not entitled to judgment. This being so, it disposes of their appeal.

The burden resting upon the intervenor when the plaintiffs rested was to show himself entitled to the possession of the ore. In that investigation the plaintiffs could not interpose any evidence of title in themselves. The time had gone by for that. They had rested their case. That being so, the alleged errors which grew out of the plaintiffs' attempt to show title, in the midst of the intervenor's proof of his right to possession, are of no moment: *Speyer* v. *Ihmels*, 21 Cal., 286, 287; *Horn* v. *Volcano Water Co.*, 13 Cal., 70; *Coburn* v. *Smart*, 53 Cal., 744. It was said in *Speyer* v. *Ihmels* that "the ground upon which the intervenors are allowed to become parties to this action is that, by reason of their lien upon the property attached, they are interested in preventing the plaintiff recovering a judgment. They are for this purpose defendants in the action, and as the allegations in their complaint, aside from those made for the purpose of showing their right to intervene, are, in effect, a denial that at the time the plaintiff brought his action and attached the property he had any cause of action, in order to obtain a judgment, so far as they were interested, after they had proved the facts alleged to show their right to intervene, he was required to prove his cause of action." In the case at bar the court, by its order, made previous to the trial, had determined the right of Harrington to intervene.

The plaintiffs moved for a new trial, alleging as their second and third grounds the following: (2) Insufficiency of the evidence to justify the verdict; (3) The verdict is against law. We presume that the term "verdict" was used inadvertently, and that the plaintiffs meant the decision of the court—as the case was tried before the court—sitting without a jury. It is provided by the Laws of 1884, p. 248, that "when the notice of the motion designates the ground of the motion, the insufficiency of the evidence to justify the verdict or other decision, the state-

ment shall specify the particulars in which such evidence is alleged to be insufficient." The statement in this case does not specify any particulars: 3 Estee, Pl. (3d Ed.), 410, 421, sec. 4918. The two points just mentioned are in the statement embraced under the head of "Errors of Law by the Court on the Trial;" but "it is not an error of law that the evidence is insufficient to justify a particular finding of fact;" and specifications in a statement for a new trial of particulars in which the court erred cannot be considered as specifications of the particulars wherein the evidence was insufficient: *Smith* v. *Christian*, 47 Cal., 18; 3 Estee, Pl. (3d Ed.), sec. 4904.

This disposes of this case; but it is proper for us to state that we have examined the other errors alleged. We find nothing to justify us in a reversal, and judgment is therefore affirmed.

ZANE, C. J., and BOREMAN, J., concurred.