[No. 11937. Department Two. — September 15, 1887.]

# E. R. ROBERTS, RESPONDENT, *v.* H. P. ELDRED, APPELLANT.

EVIDENCE — EXPERT'S BOOKS — ADMISSIBILITY OF. — In an action for dissolution of a copartnership and an accounting, when the books of the firm have been kept in such a manner as to be unintelligible, and in view of that fact a stipulation is entered into by the attorneys, allowing the referee appointed by the court to employ experts to reduce the accounts of the firm into a tangible form, the books prepared by the experts are admissible in evidence in connection with the report of the referee, for the purpose of enabling the court to comprehend the accounts.

ID. — REAL ESTATE — FIRM PROPERTY — EVIDENCE. — A finding that certain real estate standing in the individual names of the partners is partnership property is warranted by the evidence, when it appears that the property was purchased and used for the benefit of the firm in its business, was paid for out of the firm assets, and was assessed to it.

ID. — SETTLEMENT OF ACCOUNTS — MATTERS ACCRUING SUBSEQUENT TO ACTION. — In an action of accounting between partners, it is the duty of the court to make a complete settlement, although it includes items accruing after the commencement of the action.

COMPLAINT — MISJOINDER OF CAUSES — DEMURRER. — Where it appears from the face of the complaint that there is a misjoinder of causes of action, the objection must be taken by demurrer, and cannot be raised for the first time on appeal.

APPEAL — NEW TRIAL — JUDGMENT — EXCESSIVE RELIEF. — An objection that the relief awarded by the trial court was not warranted by the facts proved cannot be considered on an appeal from an order refusing a new trial, but must be presented on an appeal from the judgment.

ANSWER — VERIFICATION OF — INFERENCE. — Where there is but one defendant in an action, and the record states that the answer is verified, the inference is that it was verified by the defendant.

APPEAL from an order of the Superior Court of San Joaquin County refusing a new trial.

The facts are stated in the opinion.

*J. C. Byers,* and *L. W. Elliott,* for Appellant.

*J. A. Louttit, S. D. Woods,* and *A. L. Levinsky,* for Respondent.

HAYNE, C. — Action for dissolution of copartnership and accounting. The case was referred to the court commissioner to report the state of the accounts. After taking testimony, the commissioner made his report, which consisted principally of matters of mere evidence, and showed that the balance coming to plaintiff was $8,610.35. There was then a trial before the court. The court filed findings of its own, which referred to and adopted the report of the commissioner. Judgment was thereupon entered for dissolution of the copartnership, and the sale of the firm property, and the application of the proceeds to the payment of certain specified debts of the firm, and of the sum found due to the plaintiff, viz., $8,610.35, and that judgment be docketed against defendant for any balance which might remain due to the plaintiff after such application of proceeds. The decree also declared these sums to be secured by lien on the firm property. The record is tangled and confused, and almost everything that occurred is alleged as error. We deem it sufficient to notice the following points: —

1. It is said that the evidence does not show that so large a sum as $8,610.35 was due to the plaintiff. But we cannot say from the record that it was not. The record shows that the conduct of the defendant was most reprehensible. For two years before suit " he did n't do anything but spend his time at Haines and Snyder's stable across the street." He had charge of the books, but kept them in a grossly improper manner, omitting to make entry of sums paid in by plaintiff, and making improper charges against plaintiff, and improper credits in his own favor. These books, although introduced in evidence, are very naturally not in the record. The fact that the " expert books " showed a balance in favor of plaintiff of only one hundred dollars, which is so much insisted on by appellant, does not seem to us to be very material. These expert books were merely an in-

telligible presentation of what was in the books of the firm, which were grossly incorrect and insufficient. In response to a question of the court as to whether everything was in the new books that was in the old books, the expert answered: "No, sir; our report will tell you they are not all entered. We did not claim to take the position of referee; we left that out very carefully. We posted every entry of cash, and all the entries that we found in the cash-books, into the new books, and made up a complete new set. We opened an account with every one that Mr. Eldred's books showed had paid in or received cash, *and made no changes in the account,* except some that were made under the testimony and as directed by Mr. Eldred, the defendant, who was with us a good deal." Eldred's books, however, were incomplete. "He kept no ledger account to amount to anything, no account of sales or purchases, stock, bills receivable, profit and loss, — nothing, in fact, but cash account, such as it was." Many of the accounts which he did keep were false, and credit was not given to plaintiff in cases where it ought to have been. It will not do for defendant to take refuge behind such books as these. If the result which the referee and the court arrived at was not correct, the record should have made the error appear. The only thing which is clearly apparent from this record beside the misconduct of the defendant is hopeless confusion in the accounts. It is eminently a case where the action of the court below should not be disturbed.

2. There was no error in admitting what are called the expert books. As above stated, the defendant failed in his duty in the matter of keeping accounts. "It was impossible to tell anything about the condition of the affairs according to the books of the firm as kept by Mr. Eldred." In view of this condition of affairs, the attorneys stipulated that experts should be employed by the referee to reduce the accounts to some intelligible shape.

These experts made out a set of books from the old books, as stated above, and we think that, under the circumstances, the court properly admitted them in connection with the report of the referee to enable the judge to comprehend the state of the accounts.

3. It is stated with confidence that there was no evidence that the real property ordered to be sold was partnership property. But it was bought while the parties were partners; the deed was made to " E. R. Roberts and H. P. Eldred "; the defendant himself testifies that part of the price was a note " we gave him for part of the purchase price "; that plaintiff borrowed money on his own note for another portion of the price; that the firm paid this note, and that " I gave credit in the cash-book for it as a disbursement of the firm "; that " from the time we purchased this lot, up to this date, it has been used in the prosecution of the business of said firm as our shop and place of business "; that he caused the property to be assessed as firm property, and gave the assessor sworn statements to that effect; that he paid the taxes, and credited himself on the books of the firm with such payments. And the plaintiff testified that " we bought the real estate in the complaint named as a firm, and for the firm, and it has always been used by the firm in its business." We think this evidence justified the court in treating it as firm property.

4. It is urged that the amount of a payment of a note and mortgage on the above real property paid by plaintiff since the commencement of the action should not have been considered in the accounting. But it was proper to include this payment. A court of equity will not make an incomplete settlement of accounts, but will go on and adjust the whole matter, even if it involves items accruing after the commencement of the suit.

The evidence of this payment by plaintiff does not contradict any material allegation of the complaint. The averment that the mortgage was unpaid was true at

the time it was made, and besides was a matter of mere evidence, and therefore was not to be regarded. It amounted merely to giving one item of the indebtedness. If it was proper to give one item of the indebtedness, it would be to give any other; and if it be proper to put in the debit side, it would be to put in the credit side; and in this way a complaint for an accounting would contain all the accounts.

5. When the defendant bought into the firm he agreed to pay plaintiff $1,796, which has not been paid; and this sum is part of the claim of plaintiff in his complaint. It is argued for the defendant that this indebtedness accrued before the formation of the partnership, and therefore was not properly a part of the accounting. Assuming this to be so, the claim was set forth in the complaint, and there was no demurrer for misjoinder. It is now too late to raise the objection.

6. There was no error in admitting the answer of the defendant, Eldred, in the attachment suit. The record states that this answer was verified, but does not say by whom. The natural inference is, that the verification was by the defendant in the case, there being no other party defendant. If this was not the fact, it should have been made to appear. (Compare *Clark* v. *Sawyer*, 48 Cal. 141, 142.)

Numerous other assignments of error in the admission of evidence are made, but we are unable to see that there was any error prejudicial to the defendant.

7. It is contended that the court went too far in decreeing that the sum due from defendant for his interest in the firm should be a lien on the partnership property, as it was not a matter between them as partners. But assuming this to be so, it is not an error which can be considered on motion for new trial. It is simply error in the relief awarded by the court upon the facts found, and hence can be presented only on appeal from the judgment. (*Jenkins* v. *Frink*, 30 Cal. 595, 596; *Shepard*

v. *McNeil*, 38 Cal. 74.)   In this case, the appeal taken from the judgment has been dismissed.

We therefore advise that the order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The ⟨ ,URT. — For the reasons given in the foregoing opinion, the order denying a new trial is affirmed.

Hearing in Bank denied.