[No. 12093.   In Bank. — April 28, 1888.]

## AUGUST HEILBRON et al., Respondents, v. CENTERVILLE AND KINGSBURG IRRIGATION DITCH COMPANY, Appellant.

Appeal from Judgment — Time for Taking — Dismissal. — An appeal from a judgment must be taken within one year after its entry; if taken subsequently, the appeal will be dismissed.

Id. — Ruling on Demurrer — How Reviewed. — Alleged error in overruling a demurrer to the complaint can be reviewed only on an appeal from the judgment, and not on an appeal from an order denying a new trial.

Id. — Finding — Insufficiency of Evidence — Specification of Particulars. — A finding against the issue raised by a plea of the statute of limitations will not be reviewed on appeal, on the ground that it is not justified by the evidence, when the statement on motion for a new trial fails to contain a specification of the particulars in which the evidence is alleged to be insufficient. A general specification that the court erred in finding as it did, and in not finding contrary thereto, is insufficient to present the question.

Appeal from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. D. Tupper*, for Appellant.

*Brown & Daggett*, for Respondents.

BELCHER, C. C. — The plaintiffs commenced this action to obtain an injunction restraining the defendant from diverting the waters of Kings River, and to recover damages for past diversions. The defendant demurred to the complaint, and its demurrer was overruled. It then answered, and among other things, set up the statute of limitations. The case was tried by the court without a jury, and the findings and judgment were in favor of the plaintiffs. The defendant moved for a new trial, and has appealed from the judgment and order denying its motion.

The judgment was entered on the twelfth day of September, 1885, and the appeal was taken on the first day of March, 1887. As more than a year elapsed between the entry and the appeal, the appeal from the judgment cannot be considered, and must be dismissed.

It is claimed for the appellant that the demurrer to the complaint should have been sustained. The point is not well taken. The ruling on a demurrer is a matter to be reviewed on an appeal from the judgment, and not on an appeal from an order denying a new trial. Beside, on an appeal from an order refusing to grant a new trial, only such errors can be considered as are specified in the statement, and this alleged error is not specified or referred to in the statement presented here. (Code Civ. Proc., sec. 659, subd. 3.)

It is further claimed that the action was barred by the statute of limitations, and that the findings of the court to the contrary were not justified by the evidence.

This point cannot be maintained. At the conclusion of the evidence and rulings set out in the statement on motion for a new trial, the statement proceeds as follows: "And the defendant assigns and specifies the following as errors occurring at the trial"; and then follows a statement of twenty-one instances in which it is alleged the court erred; and among them are these:—

"The court erred in finding in its findings of facts

that the diversion of water by the defendant from Kings River had not been made continuously, uninterruptedly, or peaceably, for a period of five years prior to the filing of plaintiffs' complaint, and in not finding to the contrary thereof."

"The court erred in its findings of law that the cause of action was not barred by the statute of limitations."

The code provides that "when the notice of the motion designates, as the ground of the motion, the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates, as the ground of the motion, errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded on the hearing of the motion." (Code Civ. Proc., sec. 659, subd. 3.)

It is evident that the specifications above noted are quite insufficient to meet the requirements of the code, and they must therefore be disregarded. (*Smith* v. *Christian*, 47 Cal. 18; *Shepherd* v. *Jones*, 71 Cal. 223.)

The other points in the case are fully met and answered by the decision lately rendered in *Heilbron* v. *Fowler Switch Canal Co.*, 75 Cal. 426.

The appeal from the judgment should be dismissed, and, on the authority of the last-named case, the order denying a new trial should be affirmed.

FOOTE, C., concurred.

HAYNE, C., took no part in this decision.

THE COURT.—For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed, and the order denying a new trial is affirmed.

Rehearing denied.