## RASKIN v. ROBARTS et al.

### No. 19,263; January 31, 1894.

#### 35 Pac. 763.

**Appeal—Time for Taking—Dismissal.**—An appeal from a decree, not taken within a year from its entry, will be dismissed.

**Executors—Accounting.**—Where an Executor Stated in his petition for the probate of the will that a part of the estate consisted of a sum of money in his hands, and he died without rendering an account, a finding that such sum came into his hands while acting as executor is justified.

**New Trial.**—Where There is No Specification in the Statement on motion for a new trial that a finding of fact is not justified by the evidence, and counsel do not make that point, the question whether it is justified cannot be considered on appeal from an order denying a new trial.

**Appeal.**—The Question Whether a Conclusion of Law is supported by the findings of facts cannot be considered on appeal from an order denying a new trial.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by Charles Raskin, administrator with the will annexed of Jean Leonis, deceased, against John Robarts and another, executors of Miguel Leonis, deceased. From an interlocutory decree for plaintiff and from an order denying a motion for a new trial defendants appeal. Appeal from decree dismissed. Affirmed on appeal from order denying new trial.

S. M. White, Brosseau & Thomas and John Robarts for appellants; Reymert & Orfila and Wells, Munroe & Lee for respondent.

VANCLIEF, C.—Jean Leonis, plaintiff's testator, died March 6, 1888, leaving his last will, by which he gave and bequeathed to his brother, Miguel Leonis (defendant's testator), all and singular, his property, "real, personal and mixed, of whatsoever nature, and wheresoever the same may be, of

which I may be the owner, or of which I may be possessed, or of which I may be entitled to perfect the title thereto, at my death,'' and nominated said Miguel as the executor of said will to act as such without bond. On April 16, 1888, the will was admitted to probate in the superior court of Los Angeles county, and said Miguel duly appointed executor thereof, and thereupon Miguel qualified as executor, and continued to act as such until September 20, 1889, when he died testate; and the defendants were appointed executors of his will on October 11, 1889, and on October 24, 1889, first published notice to the creditors of the estate of Miguel, and the term of ten months within which claims against the estate should have been presented expired on August 24, 1890. On September 3, 1890, the plaintiff, Charles Raskin, was appointed administrator with the will annexed of the estate of Jean Leonis, to fill the vacancy caused by the death of Miguel Leonis, which vacancy had continued from the death of Miguel (September 20, 1889) until September 3, 1890. On September 23, 1890, the plaintiff presented to the executors of Miguel's estate the claim upon which this action is based, which is as follows:

"March 19, 1888. Estate of Miguel Leonis, deceased, to Charles Raskin, Adm'r of the estate of Jean Leonis, deceased, debtor:

To recover the sum of two thousand dollars, United
    States gold coin, with interest, from March 19,
    1888, to date, at the rate of 7 per cent per
    annum ...................................$2,350 00
Fifty head of cattle........................... 1,000 00

                  $3,350 00

"Said property having been intrusted to Miguel Leonis, deceased, by his brother, Jean Leonis, in his lifetime, and being part and parcel of the estate of Miguel Leonis, deceased.''

This claim was rejected by the executors of Miguel on the day of its presentation, and thereafter this action was commenced.

The substance of the complaint, in addition to the facts above stated, is that the money and cattle described in the above claim came to the possession of Miguel Leonis, as executor of Jean Leonis, while he was acting as such, it being then the property of the estate of said Jean Leonis, and that he

continued to hold the same in his possession, as such executor,
in trust for the benefit of the estate of Jean Leonis, until his
(Miguel's) death, and that neither Miguel nor his executors
have accounted for or delivered said money and property, or
any part thereof, to plaintiff, or to the probate court.   The
prayer of the complaint is that defendants be required to
render an account of said money and cattle, and all other
property of the estate of Jean Leonis which came into the
possession of their testator, Miguel Leonis, and that plaintiff
have judgment against them for the recovery of all such
money and property as, upon such accounting, may be found
to belong to the estate of Jean Leonis, deceased.   The defend-
ants, by their answer, deny all allegations of the complaint
relating to the property of the estate of Jean Leonis, and,
as a further and separate defense, aver that plaintiff's alleged
cause of action is barred by section 1493 of the Code of Civil
Procedure.   On August 27, 1891, the cause was brought to
trial, and the respective parties introduced evidence touching
the issues; and the court made written findings in favor of
plaintiff, upon which it based the following interlocutory de-
cree: "Wherefore, by reason of the law and the finding afore-
said, it is ordered and adjudged that the said defendants,
John Robarts and George L. Mesnager, executors of the last
will and testament of Miguel Leonis, deceased, do, within
twenty (20) days after the filing of this decree, render to this
court in this action a full, just and true account of the prop-
erty received by the said Miguel Leonis in his lifetime, as
executor of the estate of Jean Leonis, deceased, and par-
ticularly of the sum of two thousand dollars ($2,000), with
interest thereon from the 19th day of March, 1888, at the rate
of 7 per cent per annum, received by the said Miguel Leonis
as such executor of the estate of Jean Leonis, deceased, and
that said defendants do, in said account, justly, fully and
truly account for all the dealings of the said Miguel Leonis,
deceased, with the estate and property of the said Jean Leonis,
deceased, including such items as may be claimed by the said
defendants to have been paid out by the said Miguel Leonis,
as such executor aforesaid, as expenses of administration, and
for claims allowed and proven by creditors against the estate
of the said Jean Leonis, deceased.   It is further ordered, ad-
judged and decreed that when said account is filed as herein

ordered and adjudged, that a day shall thereupon be set in this court for the hearing of the same, and that thereupon the said defendants shall fully, justly and truly account to the said plaintiff for all of said property and matters aforesaid, and a settlement of said account be then hàd in this court, and that thereupon and thereafter a final decree shall be entered herein.'' The defendants have appealed from this interlocutory decree, and also from an order denying their motion for a new trial.

The appeal from the interlocutory decree should be dismissed; for, conceding that the decree was appealable (which is, at least, questionable), the appeal was not taken within a year after entry of the decree.

The appeal from the order denying a new trial was taken in time, but the only point made by appellants on this appeal is that the evidence is insufficient to justify that part of the sixth finding, ''that there came to the possession of the said Miguel Leonis, as such executor aforesaid, and while he was acting as such,'' $2,000 in money, ''bearing interest,'' which was then and there ''the property of the estate of said Jean Leonis,'' and that said Miguel never rendered any account thereof to the probate court. But, waiving the question whether a motion for new trial was proper before final judgment, which has not been raised (Harris v. San Francisco Sugar Refining Co., 41 Cal. 394), I think this finding is justified by the evidence. In his petition for probate of the will, Miguel stated that a part of the estate left by Jean was $2,000, at interest, ''in the hands of Miguel Leonis,'' and it appears that Miguel died without having rendered any account to the probate court.

The court found, as a conclusion of law, that the action ''is not barred by the provisions of section 1493 of the Code of Civil Procedure.'' Conceding this to be a sufficient finding of the fact or facts constituting the alleged bar, notwithstanding it purports to be a conclusion of law, yet there is no specification in the statement on motion for new trial that it is not justified by the evidence, nor do counsel for appellant make the point that it is not sustained by the evidence. Therefore, the question whether it is justified as a finding of fact cannot be considered. Nor can the question whether it is supported, as a conclusion of law, by the findings of fact, be

considered on the appeal from the order: Jenkins v. Frink, 30 Cal. 595, 87 Am. Dec. 134; Mason v. Austin, 46 Cal. 386; Thompson v. Patterson, 54 Cal. 542; Roberts v. Eldred, 73 Cal. 398, 15 Pac. 16. And it has been held, even, that the error of rendering a judgment on an insufficient complaint cannot be corrected on appeal from an order denying a new trial: Heilbron v. Ditch Co., 76 Cal. 8, 17 Pac. 932; Shepard v. McNeil, 38 Cal. 74. I think the appeal from the interlocutory order should be dismissed and that the order denying a new trial should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, it is ordered that the appeal from the interlocutory order be dismissed and the order denying a new trial be affirmed.