BARDWELL et al., Appellants, v. ANDERSON, et al. Respondents.

[Submitted October 1, 1896.  Decided October 19, 1896.]

New Trial—*Errors of law—Specifications—Sufficiency.*—A specification in an action to foreclose a mechanic's lien, that the court erred in finding that the plaintiff's assignor was in any way incapacitated from making a contract with the defendant contractor to furnish the materials described in plaintiff's complaint to the C. & L. building by reason of any relations existing between him and C. & L. defendants, and the evidence herein wholly fails to sustain the finding of the court in this particular, is wholly insufficient under section 298 of the Code of Civil Procedure (1887) as a specification of an error of law, for if in so finding there is any cause for complaint it is not that there was any error of law but that the evidence did not sustain the finding. And if the language used be regarded as a specification of insufficiency of the evidence it is wholly bad in failing to point out the particulars in which the evidence is insufficient. (*First National Bank* v. *Roberts*, 9 Mont. 323 ; *Zickler* v. *Deegan*, 16 Mont. 198, cited.)

Same—*Insufficiency of evidence—Specifications.*—A specification that "the findings of the court to the effect that the value of the materials described in the complaint had not been sufficiently proven, are unsupported by the evidence and in direct conflict with the same and are one of the errors specified by the plaintiffs herein," is wholly bad as a specification as to the insufficiency of the evidence in that it fails to point out the particulars in which the insufficiency consists as required by section 298 of the Code of Civil Procedure (1887).

*Appeal from Eighth Judicial District, Cascade County.*

Action to foreclose mechanic's lien.  Judgment was rendered for the defendants below by Benton, J.  Affirmed.

*Thos. E. Brady* and *F. A. Merrill,* for Appellants.

*Wm. T. Piggott, Ransom Cooper* and *J. A. Hoffman,* for Respondents.

De Witt, J.—This is an action upon an account and to foreclose a mechanic's lien.  The plaintiffs are assignees of the account and the lien of F. M. Morgan, who furnished material to the defendant Anderson, a contractor, to go into the building of defendants Collins and Lepley.  The case was tried to the court without a jury.  The court found for the defendants who were served, to-wit, Collins and Lepley.  Plaintiffs moved for a new trial, which was denied, and appeal now from that order, and from the judgment.

The points discussed by counsel are those made upon the motion for a new trial. At the outset, the respondents stand firmly upon their position that upon the motion for a new trial there was no sufficient specification of errors of law or insufficiency of evidence. As remarked in *Zickler* v. *Deegan,* 16 Mont. at page 200, this court has been lenient in entertaining appeals where the specifications were, perhaps, not wholly what they should be. But we cannot ignore the objections made to these specifications. A particular point is made upon them by respondents. We must therefore examine their alleged insufficiency.

The court made no findings whatever. It simply held generally for the defendants. There being no jury trial, and thus no instructions, therefore the view which the court took of the law is not clearly apparent. The statement on motion for new trial opens with the recital that the court gave judgment in favor of the defendants, and then proceeds to what the moving parties claim are the specifications of error. They state as follows:

"In reaching said conclusion and the rendition of said judgment, the court erred in the following particulars, all of which were excepted to by the plaintiffs, to-wit." Then follow 11 paragraphs. We will take the first as example. It is as follows:

"The court erred in finding that F. M. Morgan was in any way incapacitated from making a contract with H. A. Anderson, the contractor, to furnish the materials described in plaintiff's complaint to the Collins and Lepley building, by reason of any relation existing between him and Collins and Lepley, the defendants; and the evidence herein fails wholly to sustain the finding of the court in this particular."

This purports to be a specification of an error of law. It is not an error of law at all. The practitioner is complaining that the court found that which he states the evidence wholly fails to sustain. In so finding, if there is any cause for complaint, it is not that there was any error of law, but, on the other hand, it would be that the evidence did not sustain the

finding. Our statute provides (Code Civil Procedure 1887, § 298, subdivision 3) as follows:

" When the notice for the motion designates, as the ground of motion, the insufficiency of the evidence to justify the verdict or other decision; the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates, as the ground of motion, errors in law occurring at the trial, excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded on the hearing of the motion."

As to this matter, Mr. Hayne, in his book on New Trial and Appeal, says, at page 426, § 149: "And it is to be observed that specifications of errors of law are not to be confounded with specifications of the insufficiency of the evidence. An instance of this is to be found in *Smith* v. *Christian*, 47 Cal. 18. In that case the specification was as follows: 'Defendant specifies the following particulars *in which the court erred:* The testimony shows that the award is void, it having been made by an umpire selected by lot. · The testimony or pleadings, as admitted, show that the segregation of the award was without authority; that, by the submission, it was only provided for awarding damages in the aggregate, if any, and the arbitrators had no authority to determine what each party should pay. There was no subsequent promise to pay. There was no consideration to support any such promise if made.' This was held to be insufficient, and the court said: 'These specifications cannot be considered to be specifications of the particulars in which the *evidence* was insufficient, because they are not stated to be such. On the contrary, they are expressly set forth as being *errors in law*,—"particulars in which the court erred."

But it is clear that the matters thus set forth do not constitute errors of law.. It is not an error of law that the evidence is insufficient to justify a particular finding of fact.' " (See, also, section 150.) The case which Mr. Hayne cites, *Smith* v. *Christian*, is affirmed in *Heilbron* v. *Ditch Co.*, 76 Cal. 10, 17 Pac. 932; *Nichols* v. *Jones*, 14 Colo. 60, 23 Pac. 89; *Cunnington* v. *Scott*, 4 Utah, 446, 11 Pac. 578.

Applying these principles to the specification before us, we find that it is wholly insufficient as a specification of an error of law, because it does not describe in any way an error of law.

If the court were inclined to take a loose view of the subject, and say that, while the counsel has pretended to specify an error of law, we will still consider his language as a specification of insufficiency of the evidence, even then the specification would be wholly bad, for the reason that it simply states, "The evidence herein fails wholly to sustain the finding of the court in this particular." This would be bad even as a specification of insufficiency. (*First National Bank* v. *Roberts*, 9 Mont. 323; *Zickler* v. *Deegan*, 16 Mont. 198.)

We will quote a few more of the specifications to illustrate their insufficiency :

"(2)   The court erred in finding that there was any fraud perpetrated upon the defendants Collins and Lepley by reason of the transaction set forth in plaintiffs' complaint between F. M. Morgan and the defendant H. A. Anderson, which fraud would in any way be to the injury of the defendants Collins and Lepley.

"(3)   The court erred in holding that the agreement between F. M. Morgan, the assignor of plaintiffs' lien and H. A. Anderson, was a void transaction as between F. M. Morgan and the defendants Collins and Lepley, instead of being, at most, a voidable transaction.

"(4)   The court erred in holding that the defendants Collins and Lepley were entitled to a dismissal of this action, or had any defense to the claim of the plaintiffs herein, without having first paid plaintiffs the reasonable value of the lumber and materials used in the construction of their building or the return of said materials, and that their retention of said materials was not a waiver of any rights they might have to repudiate said contract.

"(5)   The court erred in finding that the defendants Collins and Lepley, and particularly Timothy E. Collins, who had the management and control of the erection of this building for Lepley and himself, were not aware that F. M. Morgan was

furnishing to Anderson the materials described in the complaint, as the evidence plainly shows that he (Collins) did know it, and neither he nor Lepley ever objected to Morgan carrying out said contract, but expressly ratified such action, as the evidence appears, by paying to Morgan the moneys he had expended in payment of freight upon these materials, and also by paying him moneys which he claimed due at the same time for several materials that he furnished to the contractor Anderson.

"(6)   The court erred in finding that the plaintiffs had not proved all the issues set up by the pleadings in favor of the plaintiffs."

While these specifications pretend to point out an error of law, they have to do not at all with the law, but wholly with the facts.   Specification No. 10, perhaps, is an assignment of insufficiency.   It reads as follows:

"The findings of the court to the effect that the value of the materials described in the complaint had not been sufficiently proven are unsupported by the evidence, and in direct conflict with the same, and are one of the errors specified by the plaintiffs herein."

This is plainly a specification as to the insufficiency of the evidence, and an inspection of it shows that, as such a specification, it is clearly bad.   (See Montana cases above cited.)

The district court was justified in ignoring these specifications, and we must sustain its action in denying a new trial.

This disposes of all that is sought to be brought before us on this appeal.   The plaintiffs do not contend that they were entitled upon the trial to a personal judgment against the contractor Anderson, for the reason that he had not been served with summons, and never appeared in the case.   The judgment and order denying a new trial will therefore have to be affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.