GILLIES, Appellant, v. CLARKE FORK COAL MIN-
ING COMPANY, Respondent.

(No. 2,074.)

(Submitted March 30, 1905. Decided April 10, 1905.)

*Master and Servant—Injuries to Servant—Vice-principal—
Fellow-servants — Evidence — New Trial — Statement —
Specification of Errors—Headings—Insufficiency of Evi-
dence.*

Appeal—New Trial—When Order Granting It will be Affirmed.
1. Where an order granting a new trial is general, it will be affirmed
if either of the grounds assigned in support thereof is sufficient.

Appeal—New Trial—Specifications—Headings.
2. While, in a statement on motion for new trial, specifications of
error should be arranged separately under appropriate headings so
as to avoid confusion and lessen the labor of re-examination in the
trial and appellate courts, still such headings, or any headings, are
not absolutely necessary to entitle the moving party to a hearing.

Appeal—Action for Injuries—New Trial—Specifications.
3. All the errors specified in a statement on a motion for a new
trial, in an action to recover damages for personal injuries, were under
the heading, "Specifications of Errors Occurring at Said Trial." The
first specification was that there was no evidence that the defendant,
or any officer thereof, failed to provide suitable appliances, or pro-
vided unsafe apparatus, so as to cause the injury alleged in the
complaint, nor was there any evidence that a certain witness was other
than plaintiff's fellow-servant, etc. Then followed three other assign-
ments questioning the sufficiency of the evidence, followed by others
directed at the instructions. *Held,* that the first four specifications
of error were not fatally defective, in that they were designated by
the title as errors occurring at the trial, while in fact they were
assignments of particulars wherein the evidence was insufficient to
sustain a finding, as provided by Code of Civil Procedure, section 1173.

Appeal—Action for Injuries—New Trial—Statement.
4. Where, in an action for injuries to a servant, the principal con-
troversy was whether defendant was guilty of any negligence in pro-
viding suitable appliances, and its liability rested on the question
whether A was a fellow-servant or was acting for the defendant as a
vice-principal, a specification of error in the statement for new trial
that there was no evidence that A was an officer of defendant, that
he stood in any other relation than that of fellow-servant to plaintiff,
or that defendant was in any wise bound by his conduct in making
an alleged change of a rope and snatch-block attached to the hoisting
apparatus, the breaking of which caused the injury, sufficiently pointed
out wherein the evidence was insufficient, as required by Code of Civil
Procedure, section 1173.

Action for Injuries—Evidence—Negligence—Fellow-servant.
  5.   In an action for injuries to a servant, evidence *held* insufficient to show that A, by whose alleged negligence plaintiff was injured, was acting for the defendant as a vice-principal, and not as plaintiff's fellow-servant.

Appeal—Request for Additional Instructions.
  6.   Where the instructions of the court fairly cover the case, and are correct, the judgment will not be reversed because all the phases of the case are not covered by them, where no additional instructions covering the particular point are requested.

*Appeal from District Court, Carbon County; Frank Henry, Judge.*

ACTION by A. P. Gillies against the Clarke Fork Coal Mining Company.   From an order granting defendant a new trial, plaintiff appeals.   Affirmed.

*Mr. Sydney Fox,* and *M. T. J. Walsh,* for Appellant.

When the granting of a new trial is regulated by statute, the statute must be pursued, and if it is not and the court grants a new trial, the order will be reversed on appeal.   (*Budd* v. *Davis,* 50 Cal. 120; *Anderson* v. *Medbery* (S. D.), 92 N. W. 1087; *Carr etc. Co.* v. *Closser,* 27 Mont. 94, 69 Pac. 560; *Woodard* v. *Webster,* 20 Mont. 279, 50 Pac. 279.)   Indeed, the very fact that the statute gives a right of appeal from an order granting a new trial implies an obligation on the part of the appellate court to inquire into the sufficiency of the reasons urged below moving the court to make the order.   There is still left in the trial court, however, a wide discretion in granting a new trial when the notice of intention and statement are prepared in such a way as to present the sufficiency of the evidence.   If it is not, the statute in express terms commands the trial court to disregard it as to that feature.   (Code of Civil Proc., sec. 1173, subd. 3.)   The court below could not legally have considered the sufficiency of the evidence on the hearing of the motion for a new trial, because there are no specifications of particulars in which the evidence is insufficient.   As pointed out in the statement, some of the so-called "specifications of errors occurring at said trial" constitute an

attempt to point out particulars in which the evidence is insufficient, but such an assignment is ineffective as a specification of error occurring at the trial, because it is not a specification of error occurring at the trial, and it is not a specification of a particular in which the evidence is insufficient, as a separate ground for a new trial, because it does not purport to be such. The exact proposition here presented was squarely met and determined in the case of *Bardwell* v. *Anderson,* 18 Mont. 528, 46 Pac. 443; *Schilling* v. *Curran* (Mont.), 76 Pac. 998; *Mader* v. *Taylor etc. Co.,* 15 Utah, 164, 49 Pac. 255. Even if the rule laid down in *Bardwell* v. *Anderson* should be departed from, the sufficiency of the evidence could not be inquired into. With the exception of the first specification, each of them, so far as they refer to the evidence, sets forth what it shows, not the particular in which it is insufficient, and are ineffective, under the repeated adjudications of this court. (*Cain* v. *Gold Mt. Min. Co.,* 27 Mont. 529, 71 Pac. 1004.) The first specification would be useless even though it were a specification of the insufficiency of the evidence, and not a specification of error occurring at the trial, under the rule of this court asserted in *Finlen* v. *Heinze,* 28 Mont. 548, 73 Pac. 123.

*Mr. W. F. Meyer* and *Mr. John T. Smith,* for Respondent.

When specifications as to the insufficiency of the evidence notify the opposing counsel and advise the court, in plain language, of the matters that would be urged on the hearing of the motion, they are sufficient. (*Stuart* v. *Lord,* 138 Cal. 672, 72 Pac. 142; *American etc. Co.* v. *Packer,* 130 Cal. 461, 62 Pac. 744; *Drathman* v. *Cohen,* 139 Cal. 310, 73 Pac. 181; *Patten* v. *Hyde,* 23 Mont. 23, 57 Pac. 407.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by appellant to recover damages for personal injuries alleged to have been suffered by him while in

the employ of the defendant, through its negligence. Plaintiff is a carpenter, and, at the time he was injured, was engaged with others in the erection of an approach to a tipple at the coal mine of the defendant. It is alleged that "the said defendant, while plaintiff was in its employ as aforesaid, disregarding its duty to furnish or provide a safe, good and secure means by which plaintiff might or could ascend or descend from said trestle or approach by means of a good, secure, and safe apparatus or appliance, negligently and carelessly furnished and provided a defective and unsafe appliance or apparatus, consisting of a one-inch rope run through a snatch-block, which defendant well knew and had full knowledge was unsafe, defective, and insecure, but of which defects, insecurity, and unsafeness the plaintiff had no notice or knowledge." It is further alleged that, at the time the injury occurred, the plaintiff was descending from the trestle by means of said appliance, and that by reason of its defective character the rope pulled through the snatch-block, and caused the plaintiff to fall a distance of fifty feet, whereby he was injured, without fault on his part, resulting in great mental and bodily pain and permanent disability. The defenses relied upon by the defendant are a denial of the negligence charged or any negligence, and contributory negligence on the part of the plaintiff. The trial in the district court resulted in a verdict for plaintiff. On motion of defendant, a new trial was granted. The plaintiff has appealed. The motion was made on several of the statutory grounds, but the only errors assigned in the statement are insufficiency of the evidence to sustain the verdict, and error of the court in submitting certain instructions to the jury. The order granting the motion is general. Therefore, if either of the grounds assigned in support of it is sufficient, the order must be affirmed. (*State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927.)

1. The contention is made by the appellant that the statement presented in support of the motion contains no specification of particulars wherein the evidence is insufficient, and that,

in so far as the order may have been granted on this ground, it cannot be upheld. This contention requires some notice of the plan pursued by the defendant in formulating the statement, as well as of some of the specifications touching the insufficiency of the evidence. All the errors specified are found in the statement under the heading "Specifications of Errors Occurring at Said Trial." The first specification is as follows: "There is no evidence that the defendant, or any officer thereof, failed to provide suitable appliances or apparatus, or provided unsafe, defective, or insecure apparatus, so as to cause the injury alleged in the complaint, nor is there any evidence to show that the witness Gust Alvin was an officer of the defendant, or that he stood in any other relation than a fellow-servant to the plaintiff, or that the defendant was in any wise bound by the conduct of said Alvin in the alleged change of the rope and snatch-block." Then follow three others, questioning the sufficiency of the evidence. The ten remaining are directed at the instructions. None of the first four specifications, counsel says, may be treated as specifications of particulars wherein the evidence is insufficient, because none of them purport to be such, all being entitled, "Errors Occurring at the Trial"; nor may they be treated as assignments of errors of law, because they do not present questions of law. In other words, being attempts to point out particulars wherein the evidence is insufficient, and yet being designated by their title as errors of law, they cannot be considered for any purpose.

The statute relating to the form of the statement (Section 1173, Code of Civil Procedure), requires a specification of the particular errors relied on, and, if the ground of the motion is insufficiency of the evidence to justify the verdict or other decision, the particulars must be pointed out wherein the evidence is alleged to be insufficient. A bill of exceptions need not specify errors of law; otherwise it must be the same in form as the statement. (Code of Civil Proc., sec. 1152.) A moment's consideration of the matter leads to the conclusion that the specifications should be arranged separately under appro-

priate headings.  This course avoids confusion, and. lessens
the labor of re-examination of the case, both in the trial court
and in this court.  But appropriate headings or any headings
are not absolutely necessary.  (*Stuart* v. *Lord,* 138 Cal. 672,
72 Pac. 142.)  If specifications are arranged in consecutive
order, without any heading or under a general heading, as in
this case, and it is readily apparent what errors are intended to
be assigned, we think the moving party has presented a case
which entitles him to a hearing.

The general title here used for the specifications does not in
any way confuse the different classes of specifications.  A new
trial may be granted on the grounds of error materially affect-
ing the substantial rights of the party aggrieved.  Among these
are errors of law committed by the court during the trial, and
errors of fact committed by the jury, when the case is submitted
to a jury, or by the court, when the trial is had without a jury.
If the facts are not, in the opinion of the court, sufficient to jus-
tify the verdict or decision, then it should order another trial,
for a finding without sufficient or any evidence to support it is
error occurring during the trial, in the same sense that an
erroneous ruling of the court upon a substantial matter is an
error.  Both are errors occurring at the trial.  Hence the
designation, "Errors Occurring at the Trial," as used by the
respondent in its statement in this case, does not change the
character of any specification, nor lead to any confusion or
misapprehension.

The appellant cites *Bardwell* v. *Anderson,* 18 Mont. 528, 46
Pac. 443, and *Schilling* v. *Curran,* 30 Mont. 370, 76 Pac. 998,
as conclusive in favor of his contention.  We do not think
they apply.  In this case the designation is, generally, "Errors
Occurring at the Trial."  In *Bardwell* v. *Anderson* the speci-
fication itself stated, "The court erred in finding," etc., fol-
lowed by an attempt to point out the particulars wherein the
evidence was insufficient.  This was held to be an ineffective
attempt to specify an error of law, and therefore was properly

disregarded. So, in *Schilling* v. *Curran,* under the heading "Assignment of Errors," the specification recited: "The court erred in making finding of fact No. 2, etc., * * * there being insufficient evidence to justify said finding, and the evidence being insufficient to support the same; and said finding No. 2 is contrary to the evidence, and wholly unsupported thereby." Following the decision in *Bardwell* v. *Anderson,* we held this wholly insufficient as a specification of error of law occurring at the trial. It was also clearly ineffective and insufficient as a specification of the insufficiency of the evidence, because it stated a bare conclusion of counsel, in opposition to the finding of the court and jury. These decisions are supported by the text of Hayne on New Trial and Appeal, page 426, and the cases cited in both opinions.

2. But even so, counsel says, the specifications do not point out the particulars wherein the evidence is insufficient, within the requirements of the statute as construed by this court. We refrain from entering into an analysis of the evidence, and from expressing an opinion thereon, except so far as it may be necessary to a decision of the question before us.

The principal controversy in the evidence was whether the company was guilty of any negligence in providing suitable means to ascend to and descend from the tipple during the course of the work. Its liability in any event rests upon the question whether one Alvin was a fellow-servant of the plaintiff, or was acting for the company as a vice-principal. For on the day of the accident, and about an hour before it occurred, he had exchanged the snatch-block theretofore in use, which it is claimed was safe, for one which it is alleged was unsafe and dangerous, without notice to plaintiff. If this be true and Alvin was not a fellow-servant, but the vice-principal for the company, the defendant is liable. On this point the evidence is exceedingly meager. Indeed, it may be said that there is in the record no substantial evidence upon which a conclusion may be based as to the position he really did occupy. Some of

the witnesses state the bald conclusion that he was foreman for the company. It does not appear, however, from any detailed statements of the facts by any witness, what authority he had, what control he exercised over the work, or what control he had over the men. It does appear, on the other hand, that he worked as a carpenter, just as did the other men, only one instance appearing in the evidence where he directed any of the men, and that was immediately before the accident. Being engaged in fitting some timbers upon a lower part of the tipple, and needing help, he called to the plaintiff to come and assist him. In descending to that part of the structure, by means of the rope and snatch-block, the plaintiff fell and was hurt.

In order to hold the defendant liable under these circumstances, the jury must have found, under the court's instructions, that Alvin was a vice-principal, and that the plaintiff was not guilty of contributory negligence. As there was no evidence from which it could be inferred that he was a vice-principal, the plaintiff's case did not warrant a verdict in his favor. The specification points out distinctly the absence or total want of evidence on this point to justify the conclusion reached by the jury, and must therefore be held sufficient, for it falls within the rule of the case of *Strasburger* v. *Beecher,* 20 Mont. 143, 49 Pac. 740, though not, perhaps, within the strict rule followed in *First National Bank* v. *Roberts,* 9 Mont. 323. It "certainly gave the plaintiff notice, and advised the court, in plain language, of the matters that would be urged on the hearing of the motion." (*Patten* v. *Hyde,* 23 Mont. 23, 57 Pac. 407; *Harnett* v. *Central Pacific R. Co.,* 78 Cal. 31, 20 Pac. 154.)

If there is no evidence to support a particular finding or decision, it is certainly competent to say so, for the statement of this fact indicates clearly the particular point wherein the evidence is deficient. This form of specification would in the particular instance seem to meet every requirement of the law (*Knott* v. *Peden,* 84 Cal. 299, 24 Pac. 160), and has been held effective even where there is slight, but insufficient, evidence to

support the finding.  (*Owen* v. *Pomona L. etc. Co.,* 131 Cal. 530, 63 Pac. 850, 64 Pac. 253.)  "It is difficult to suggest anything more or different that one could say by way of specification in such case.  But one should be sure of his ground before making and standing upon such bold and bare a specification in regard to a material finding or fact implied in a verdict.  And care must always be taken that such bare negation is not too broad.  It must not, any more than any other kind of specification, amount to a mere attack upon the general decision."  (Spelling on New Trial and Appellate Practice, sec. 434.)  Upon this ground of the motion the action of the trial court was clearly correct.  A new trial should have been granted.

3. The other specifications of the insufficiency of the evidence are criticised by counsel for appellant, but, having reached the conclusion that the first specification is sufficient, it is not necessary to notice these criticisms.  Nor is it necessary to notice or comment upon the errors assigned upon the instructions.  Speaking generally, the criticism made of the instructions does not question their correctness as abstract propositions.  The complaint made is that they fail to state all the law applicable to the case.  It is well settled in this jurisdiction that, if the court's instructions fairly cover the case and are correct, the judgment will not be reversed because all the phases of the case are not covered by them, unless counsel shall have requested the court to submit additional instructions covering the particular point.  (*State* v. *Broadbent,* 19 Mont. 467, 48 Pac. 775; *Helena & Livingston Smelting etc. Co.* v. *Lynch et al.,* 25 Mont. 497, 65 Pac. 919, and cases cited.)

The order granting a new trial is affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.